847 So.2d 1103 (2003)
R.M., The Father, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D02-3416.
District Court of Appeal of Florida, Fourth District.
June 18, 2003.
*1104 Kathleen K. Pena, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laurel R. Wiley, Assistant Attorney General, Fort Lauderdale, for appellee.
WARNER, J.
An incarcerated father appeals the termination of his parental rights to his two children, claiming that the trial court erred in relying on section 39.806(1)(d)3, Florida Statutes (2001), as a ground for termination. That section permits the court to terminate the rights of an incarcerated parent when the court determines by clear and convincing evidence that "continuing the parental relationship would be harmful to the child." The father contends that the Department of Children and Families ("DCF") failed to prove that actual contact with the father was detrimental to the children. We hold that the statute does not require proof that actual contact is detrimental. DCF relied upon the testimony of the children's therapists to meet its burden in proving the father's continuing relationship was detrimental to the children. Each testified to the children's mental state, their present lack of a relationship with their father, and their need for permanency. They each stressed that the possibility of the father reclaiming his children after his incarceration would be extremely detrimental to the children's mental health. The daughter's therapist even stated that reunification several years in the future would "completely destroy" the little girl. The trial court found this evidence compelling. We distinguish In re J.D.C., 819 So.2d 264, 266 (Fla. 2d DCA 2002), because in that case, DCF apparently offered no evidence regarding the effect continuing the parental relationship would have on the child.
Affirmed.
POLEN, C.J., and GROSS, J., concur.