13 So.3d 541 (2009)
O.M., Appellant,
v.
DEPARTMENT OF CHILDREN & FAMILY SERVICES and Guardian Ad Litem Program, Appellees.
No. 3D08-2827.
District Court of Appeal of Florida, Third District.
July 8, 2009.
*542 Albert W. Guffanti, Miami, for appellant.
Karla Perkins, Assistant District Legal Counsel, for Department of Children & Family Services; Hillary Kambour, for Guardian Ad Litem Program.
Before SHEPHERD, SUAREZ, and ROTHENBERG, JJ.
SUAREZ, J.
Based on the competent, substantial evidence before it, the trial court correctly terminated O.M.'s parental rights as to the special needs child, and we find there was no violation of due process throughout. See T.P. v. Dep't. of Children & Family Servs., 935 So.2d 621 (Fla. 3d DCA 2006) (holding standard of review for the sufficiency of evidence supporting termination of parental rights is whether order is supported by substantial competent evidence).
Affirmed.
ROTHENBERG, J., concurs.
SHEPHERD, J., specially concurring.
I concur in the result on the basis of R.M. v. Department of Children & Families, 847 So.2d 1103 (Fla. 4th DCA 2003), upon which the trial court relied in the final judgment for termination of parental rights as to the father, O.M., and which controls the case before us. See id. at 1103 (holding that section 39.8063(1)(d)3 of the Florida Statutes "permits the court to terminate the rights of an incarcerated parent when the court determines by clear and convincing evidence that `continuing the parental relationship would be harmful to the child'" and holding that statute "does not require proof that actual contact is detrimental").
ROTHENBERG, J., concurs.